# EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
10/13/2020 10:01 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
THE COTTLE FIRM
Robert W. Cottle, Esq.
Nevada Bar No. 4576
rcottle@cottlefirm.com
Matthew G. Holland, Esq.
Nevada Bar No. 10370
mholland@cottlefirm.com
8635 South Eastern Avenue
Las Vegas, Nevada 89123
T: 702.722.6111 | F: 702.834.8555
*Attorneys for Plaintiff*

CASE NO: A-20-822882-C
Department 24

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARGARET LOVELOCK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S, a foreign corporation; DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES 1-10; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOE PROPERTY MANAGERS 1-10; ROE JANITORIAL SERVICES 1-10; ROE MAINTENANCE SERVICES 1-10; ROE OWNERS 1-10; DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | Case Number:<br>Department Number:<br><br>**COMPLAINT** |

Plaintiff MARGARET LOVELOCK, by and through her attorneys of record, ROBERT W. COTTLE, ESQ., and MATTHEW G. HOLLAND, ESQ., of THE COTTLE FIRM, complain against Defendants, and each of them, as follows:

**PARTIES**

1. Plaintiff MARGARET LOVELOCK (hereinafter "Plaintiff") was and is, and at all times mentioned herein, a resident of the County of Clark, State of Nevada.

2. That at all times relevant hereto, Defendants, and each of them, were incorporated





THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

and/or licensed to conduct business in the state of Nevada.

3. That all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

4. Upon information and belief, at all times relevant hereto, Smith's Food & Drug Centers, Inc. dba Smith's, is a foreign corporation, domiciled in Delaware, doing business in Clark County Nevada as Smith's Food & Drug ("Smith's").

5. DOE SMITH'S FOOD & DRUG CENTERS, INC. EMPLOYEES 1 through 10 are persons whose conduct gives rise to this Complaint; specifically those DOE OR ROE Defendants are individuals who failed to supervise, control, repair, and maintain the premises, and further failed to warn Plaintiff of hazards, which resulted in Plaintiff's injuries.

6. DOE AND ROE JANITORS 1-10 are persons whose conduct gives rise to this Complaint; specifically, those DOE or ROE Defendants are individuals and/or entities who failed to supervise, control, repair, and maintain the premises, and further failed to warn Plaintiffs of hazards, which resulted in Plaintiff's injuries.

7. DOE and ROE MAINTAINERS 1-10 are persons whose conduct gives rise to this Complaint; specifically, those DOE or ROE Defendants are individuals and/or entities who failed to supervise, control, repair, and maintain the premises, and further failed to warn Plaintiff of hazards, which resulted in Plaintiff's injuries.

8. DOE PROPERTY MANAGERS 1-10 are persons whose conduct gives rise to this Complaint, specifically, those DOE OR ROE Defendants are individuals and/or entities who failed to supervise, control, repair, and maintain the premises, and further failed to warn Plaintiff of hazards, which resulted in Plaintiff's injuries.

9. DOE OWNERS 1-10 are persons whose conduct gives rise to this Complaint, specifically, those DOE OR ROE Defendants are individuals and/or entities who failed to supervise, control, repair, and maintain the premises, and further failed to warn Plaintiff of hazards, which resulted in Plaintiff's injuries.

10. DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, are the designers, contractors, sub-contractors, vendors, maintainers, managers, inspectors, supervisors, controllers, owners and/or operators of the location(s) involved in the subject incident (hereafter "Defendant property(ies), fully described herein below).

11. At all times mentioned, the Defendants were the designers, contractors, sub-contractors, vendors, maintainers, owners, managers, inspectors, supervisors and controllers of the premises and common areas generally known as 10616 S. Eastern Avenue, Suite 201, Las Vegas, Nevada 89052.

12. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES 1-10; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOE PROPERTY MANAGERS 1-10; ROE JANITORIAL SERVICES 1-10; ROE MAINTENANCE SERVICES 1-10; ROE OWNERS 1-10; DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, inclusive, are unknown to Plaintiff, who therefore sues said DEFENDANTS by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROE CORPORATIONS is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiffs, as herein alleged; that the Plaintiffs will ask leave of this court to amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

**JURISDICTION AND VENUE**

13. The Eighth Judicial District Court possesses subject matter jurisdiction over the matter under Article 6, Section 6 of the Constitution of the State of Nevada, and NRS 4.370.

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

14. The Eighth Judicial District Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district where a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

15. Venue is proper in this district because the incident that is the subject matter of this lawsuit occurred in Clark County, Nevada.

16. The amount in controversy exceeds $15,000.00.

**GENERAL FACTUAL ALLEGATIONS**

17. On or about November 29, 2018, Plaintiff was an invitee at the Subject Premises ("Subject Premises") and was lawfully on the Defendant's property ("Property") located at 10616 S. Eastern Avenue, Suite 201, Las Vegas, Nevada 89052.

18. Defendants maintained and were in control of the Property located at 10616 S. Eastern Avenue, Suite 201, Las Vegas, Nevada 89052.

19. Plaintiff was walking into the Subject Premises on a rainy day, when she passed under a canopy that was set up outside of the entrance, and slipped and fell under the canopy, causing injury to Plaintiff.

20. Upon information and belief, the subject condition, which was unattended and without warning, was created by Defendants and/or was a condition of which Defendants had actual or constructive notice prior to the Subject Incident.

21. Defendants knew, or reasonably should have known, that the Property contained a dangerous condition, specifically a wet and/or slippery floor ("dangerous condition).

22. Defendants failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property.

23. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

24. Defendants negligently, carelessly, and recklessly caused, maintained and/or allowed the dangerous condition to exist.

25. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

injuries to Plaintiff's shoulders, back, bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

26. As a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

27. As a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

28. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, and has incurred, and is entitled to recover, attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**
**(Negligence)**

29. The Plaintiff repeats and incorporates each of the above paragraphs as if fully set forth herein.

30. At all times relevant hereto, Defendants were in control of the Subject Premises and had a duty to maintain and inspect the Subject Premises for the care, safety and protection of those persons present on said Premises, including the Plaintiff.

31. Defendants owed Plaintiff a duty of care to avoid creating a dangerous condition on their property, and to not expose Plaintiff to undue danger and unsafe conditions.

32. At all times mentioned herein, Defendants created and/or knew or should have known of the Subject Condition because the Subject Condition was in an area where it could be seen by employees, and/or it should have been discovered through the exercise of reasonable care.

33. Defendants owed Plaintiff a duty of care to remedy any dangerous condition on their property irrespective of the source of the dangerous condition.

34. Defendant owed Plaintiff a duty of care to warn her of the non-obvious and

dangerous condition.

35. Defendant breached this duty of care by maintaining a dangerous condition, creating a dangerous condition, failing to remedy the dangerous condition and/or failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition.

36. Defendant failed to take adequate steps to either remedy the dangerous condition, or through its own negligence caused the dangerous condition to be present, thus causing damage and injury to Plaintiff.

37. As a direct and proximate result of the hazardous condition, and Defendant's failure to warn, Plaintiff MARGARET LOVELOCK, slipped and fell, and was seriously injured, which caused injuries to Plaintiff's shoulders, back, bodily limbs, organs and systems, all or some of which conditions are permanent and disabling, and all to her general damage in an amount in excess of $15,000.00.

38. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
**(Negligence Per Se)**

39. The Plaintiff repeats and incorporates each of the above paragraphs as if fully set forth herein.

40. The acts of Defendant SMITH'S FOOD & DRUG CENTERS, INC., as described herein, violated the statutory laws of the State of Nevada and Clark County.

41. That Plaintiff, as a member of the general public, and a patron/resident/customer of SMITH'S FOOD & DRUG CENTERS, was a member of the class of persons, which the statutory laws of Clark County, and the State of Nevada, were intended to protect.

42. That, by violating Nevada and Clark County statutory law, Defendants caused Plaintiff to suffer the exact type of harm that these statutes were intended to prevent.

43. That as a direct and proximate result of Defendants' statutory violations, Plaintiff

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**THIRD CAUSE OF ACTION**
**(Negligent Hiring, Training, Retention and Supervision)**

44. The Plaintiff repeats and incorporates each of the above paragraphs as if fully set forth herein.

45. Defendants owed a duty to Plaintiff to exercise due care in the selection, training, oversight, direction, retention, and control of their employees/agents/contractors.

46. Defendants breached their duty to Plaintiff by failing to properly hire, retain, train, staff, and supervise employees.

47. As a direct and proximate result of the acts or omissions of Defendants, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

48. Plaintiff has sustained damages due to the negligence of Defendants in an amount in excess of $15,000.00.

49. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff has had to retain the services of an attorney to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**FOURTH CAUSE OF ACTION**
**(Vicarious Liability of Employer/Principal)**

50. The Plaintiff repeats and incorporates each of the above paragraphs as if fully set forth herein.

51. Upon information and belief, DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES, DOE JANITORS 1-10, DOE MAINTAINERS 1-10, DOE PROPERTY MANAGERS 1-10, and DOE INDIVIDUALS 1-10, were employees of Defendants.

52. Defendants and/or ROE JANITORIAL SERVICES 1-10, ROE MAINTENANCE SERVICES 1-10, ROE OWNERS 1-10, and ROE ENTITIES 1-10 employers are liable for the negligence of Defendant DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES,

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

DOE JANITORS 1-10, DOE MAINTAINERS 1-10, DOE PROPERTY MANAGERS 1-10, and DOE INDIVIDUALS 1-10 because Defendant DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES, DOE JANITORS 1-10, DOE MAINTAINERS 1-10, DOE PROPERTY MANAGERS 1-10, and DOE INDIVIDUALS 1-10 were the employees and/or agents of Defendants and/or ROE JANITORIAL SERVICES 1-10, ROE MAINTENANCE SERVICES 1-10, ROE OWNERS 1-10, and ROE ENTITIES 1-10 Employers and were acting within the scope of that employment and/or agency at the time of the Subject Incident.

53. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff suffered physical injury as well as pain and suffering.

54. The acts or omissions of Defendants DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES, DOE JANITORS 1-10, DOE MAINTAINERS 1-10, DOE PROPERTY MANAGERS 1-10, and DOE INDIVIDUALS 1-10 were in conscious disregard for the rights and safety of others, with knowledge of the probable harm of those acts.

55. The acts or omissions of Defendants DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES, DOE JANITORS 1-10, DOE MAINTAINERS 1-10, DOE PROPERTY MANAGERS 1-10, and DOE INDIVIDUALS 1-10 were ratified by Defendants and/or ROE JANITORIAL SERVICES 1-10, ROE MAINTENANCE SERVICES 1-10, ROE OWNERS 1-10, and ROE ENTITIES 1-10 employers.

56. Defendants and ROE JANITORIAL SERVICES 1-10, ROE MAINTENANCE SERVICES 1-10, ROE OWNERS 1-10, and ROE ENTITIES 1-10 are liable to Plaintiff in an amount in excess of $15,000.00.

57. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff has had to retain the services of an attorney to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves her right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, pray judgment against all Defendants, and each of them, as follows:

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

1. For general damages sustained by Plaintiff in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. For special damages sustained by each Plaintiff in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
3. For reasonable attorney's fees and costs;
4. For lost wages and earning capacity;
5. For interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED this 13th day of October, 2020.

**THE COTTLE FIRM**

By ______________________

ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
8635 South Eastern Avenue
Las Vegas, Nevada 89123
(702) 722-6111
*Attorneys for Plaintiff*

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

Electronically Filed
10/13/2020 10:01 AM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
THE COTTLE FIRM
Robert W. Cottle, Esq.
Nevada Bar No. 4576
rcottle@cottlefirm.com
Matthew G. Holland, Esq.
Nevada Bar No. 10370
mholland@cottlefirm.com
8635 South Eastern Avenue
Las Vegas, Nevada 89123
T: 702.722.6111 | F: 702.834.8555
*Attorneys for Plaintiff*

CASE NO: A-20-822882-C
Department 24

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARGARET LOVELOCK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S, a foreign corporation; DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES 1-10; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOE PROPERTY MANAGERS 1-10; ROE JANITORIAL SERVICES 1-10; ROE MAINTENANCE SERVICES 1-10; ROE OWNERS 1-10; DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | Case Number:<br>Department Number:<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARGARET LOVELOCK, by and through her attorneys of record, ROBERT W. COTTLE, ESQ., and MATTHEW G. HOLLAND, ESQ., of THE COTTLE FIRM, hereby

...

...

...

...

...





THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

demands a jury trial of all the issues in the above-entitled matter.

DATED this 13th day of October, 2020.

**THE COTTLE FIRM**

By [signature]
ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
8635 South Eastern Avenue
Las Vegas, Nevada 89123
(702) 722-6111
*Attorneys for Plaintiff*

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

10/14/2020 1:59 PM

SUMM

Electronically Filed
11/10/2020 10:53 AM
Steven D. Grierson
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

MARGARET LOVELOCK, an individual;

Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S, a foreign corporation; DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES 1-10; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOE PROPERTY MANAGERS 1-10; ROE JANITORIAL SERVICES 1-10; ROE MAINTENANCE SERVICES 1-10; ROE OWNERS 1-10; DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, inclusive,

Defendants.

CASE NO.: A-20-822882-C
DEPT NO.: 24

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
THE COTTLE FIRM
8635 South Eastern Avenue
Las Vegas, NV 89123
*Attorneys for Plaintiff*

STEVEN D. GRIERSON, CLERK OF COURT

Deputy Clerk Date
Clark County Courthouse 10/14/2020
200 Lewis Avenue
Las Vegas, Nevada 89155
Patricia Azucena-Preza

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

AFFIDAVIT OF SERVICE

Jennifer Nicole Hernandez, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received 1 copy(ies) of the Summons and Complaint on the **22nd** day of **October**, 2020 and served the same on the **2nd** day of **November**, 2020 by:

(Affiant must complete the appropriate paragraph)

1. Delivering and leaving a copy with the defendant ______________________ at ______________________.

2. Serve the defendant ______________________ by personally delivering and leaving a copy with ______________________, as person of suitable age and discretion residing at the defendant's usual place of abode located at ______________________.
(Confirmed with ______________________ Defendant lives at stated address.)

(Use paragraph 3 for serve upon agent, completing A or B)

3. Serving the defendant **Smith's Food & Drug Centers, Inc. d/b/a Smith's, a foreign corporation** by personally delivering and leaving a copy at **112 N. Curry St., Carson City, NV 89703 @ 12:45 PM.**

a. With ______________________ as ______________________, an agent lawfully designated by statue to accept service of process;

b. With **Corporation Service Company w/ Kris Osborne (Clerk)**, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

______________ ordinary mail
______________ certified mail, return receipt requested
______________ registered mail, return receipt requested

addressed to the defendant ______________________ at the defendant's last known address which is ______________________.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on: **11/03/2020**

Jennifer Nicole Hernandez
Registration# R-2020-09512
KC Investigations, LLC
1428 S. Jones Blvd.,
Las Vegas, NV 89146
License # 2086

No notary is required per NRS 53.045

Electronically Filed
11/23/2020 2:15 PM
Steven D. Grierson
CLERK OF THE COURT

ANSC

JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MARGARET LOVELOCK, an individual;

Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S, a foreign corporation; DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES 1-10; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOE PROPERTY MANAGERS 1-10; ROE JANITORIAL SERVICES 1-10; ROE MAINTENANCE SERVICES 1-10; OWNERS 1-10; DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, inclusive,

Defendants.

CASE NO.: A-20-822882-C
DEPT. NO.: XXIV

**DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 5, 6, 7, 8, 9, 10, 12, 16, 17 and 19 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

**II.**

In response to Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits that it is licensed to conduct business in the state of Nevada. This answering Defendant denies all remaining allegations contained in said Paragraph.

**III.**

In response to Paragraph 4 of Plaintiff's Complaint, this answering Defendant admits that it is a foreign corporation doing business in Clark County, Nevada as Smith's. This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

In response to Paragraph 11 of Plaintiff's Complaint, this answering Defendant admits that it owned and controlled the SMITH'S store located at 10616 S. Eastern Avenue, Suite 201, Las Vegas, Nevada 89052. This answering Defendant denies any remaining allegations contained in said Paragraph.

**V.**

Paragraphs 13, 14 and 15 of Plaintiff's Complaint state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**VI.**

In response to Paragraph 18 of Plaintiff's Complaint, this answering Defendant admits that it owned and controlled the SMITH'S store located at 10616 S. Eastern Avenue, Suite 201, Las Vegas, Nevada 89052. This answering Defendant denies any remaining allegations contained in said Paragraph.

**VII.**

This answering Defendant denies each and every allegation contained in Paragraphs 20, 21, 22, 23, 24, 25, 26, 27 and 28 of Plaintiff's Complaint.

**VIII.**

This answering Defendant, in response to Paragraph 29 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION** **(Negligence)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**IX.**

In response to Paragraph 30 of Plaintiff's Complaint, this answering Defendant admits that it owned and controlled the SMITH'S store located at 10616 S. Eastern Avenue, Suite 201, Las Vegas, Nevada 89052. This answering Defendant denies any remaining allegations contained in said Paragraph.

**X.**

Paragraphs 31, 33 and 34 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Negligence)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**XI.**

This answering Defendant denies each and every allegation contained in Paragraphs 32, 35, 36, 37 and 38 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION (Negligence)**".

**XII.**

This answering Defendant, in response to Paragraph 39 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence Per Se)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XIII.**

Paragraphs 40, 41 and 42 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence Per Se)**" state a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

**XIV.**

This answering Defendant denies each and every allegation contained in Paragraph 43 of that portion of Plaintiff's Complaint entitled "**SECOND CAUSE OF ACTION (Negligence Per Se)**".

**XV.**

This answering Defendant, in response to Paragraph 44 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring, Training, Retention and Supervision)**",

incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XVI.**

Paragraph 45 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring, Training, Retention and Supervision)**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**XVII.**

This answering Defendant denies each and every allegation contained in Paragraphs 46, 47, 48 and 49 of that portion of Plaintiff's Complaint entitled "**THIRD CAUSE OF ACTION (Negligent Hiring, Training, Retention and Supervision)**".

**XVIII.**

This answering Defendant, in response to Paragraph 50 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Vicarious Liability of Employer/Principal)**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**XIX.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 51 and 52 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Vicarious Liability of Employer/Principal)**" and upon said ground, denies each and every allegation contained therein.

**XX.**

This answering Defendant denies each and every allegation contained in Paragraphs 53, 54, 55 and 57 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Vicarious Liability of Employer/Principal)**".

**XXI.**

Paragraph 56 of that portion of Plaintiff's Complaint entitled "**FOURTH CAUSE OF ACTION (Vicarious Liability of Employer/Principal)**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 23rd day of November, 2020.

COOPER LEVENSON, P.A.

By /s/ Jerry S. Busby

Jerry S. Busby
Nevada Bar No. 001107
Gregory A. Kraemer
Nevada Bar No. 010911
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89134
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 23rd day of November, 2020, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Robert W. Cottle, Esq.
THE COTTLE FIRM
8635 South Eastern Avenue
Las Vegas, NV 89123
Attorneys for Plaintiff

By /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

Electronically Filed
12/10/2020 3:38 PM
Steven D. Grierson
CLERK OF THE COURT

**REFA**
THE COTTLE FIRM
Robert W. Cottle, Esq.
Nevada Bar No. 4576
rcottle@cottlefirm.com
Matthew G. Holland, Esq.
Nevada Bar No. 10370
mholland@cottlefirm.com
8635 South Eastern Avenue
Las Vegas, Nevada 89123
T: 702.722.6111 | F: 702.834.8555
*Attorneys for Plaintiff*

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

MARGARET LOVELOCK, an individual;

Plaintiff,

vs.

SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S, a foreign corporation; DOE SMITH'S FOOD & DRUG CENTERS, INC.'S EMPLOYEES 1-10; DOE JANITORS 1-10; DOE MAINTAINERS 1-10; DOE PROPERTY MANAGERS 1-10; ROE JANITORIAL SERVICES 1-10; ROE MAINTENANCE SERVICES 1-10; ROE OWNERS 1-10; DOE INDIVIDUALS 1-10, and ROE ENTITIES 1-10, inclusive,

Defendants.

Case Number: A-20-822882-C
Department Number: XXIV

**REQUEST FOR EXEMPTION FROM ARBITRATION**

Plaintiff MARGARET LOVELOCK, by and through her attorneys of record, Robert W. Cottle, Esq. and Matthew G. Holland, Esq. of The Cottle Firm, hereby requests the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. _____ presents a significant issue of public policy;

2. __X__ involves an amount in excess of $50,000, exclusive of interest and costs;

3. _____ presents unusual circumstances which constitute good cause for removal from the program.

///

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

A summary of the facts, which support Plaintiff's contention for exemption from arbitration are as follows:

This is a premises liability negligence action arising from personal injuries sustained by the Plaintiff Margaret Lovelock as a result of a slip and fall incident due to the presence of a dangerous and wet condition existing on the Defendant's premises on November 29, 2018.

Plaintiff, age 62, was walking into Smith's after parking her car. She proceeded to walk through the pop-up canopy near the front of the stores entrance when she slipped and fell under the canopy due to the wet ground, since it had been raining outside. There were no safety precautions or warning signs for the wet ground placed outside the store entrance.

As a natural and proximate result of this incident she was required to undergo treatment for her right elbow, right shoulder, neck and back pain. The extreme pain in her right shoulder led to a right rotator cuff repair and extensive physical therapy. Past medical costs are estimated to reach above $100,000, as indicated in the summary included below.

With residual pain on the day of her slip and fall, Ms. Lovelock was initial treated on scene by Henderson Fire Department, where they placed a c-collar on her neck for her pain and transportation to St. Rose Dominican Hospital – Siena Campus. Ms. Lovelock upon arrival was treated for her right elbow, right shoulder, neck and back. She had a x-ray of the elbow 3+ views, a x-ray of the shoulder 2+ views, a CT of the cervical spine without contrast and a CT of the head without contrast.

With her right elbow pain and right shoulder pain not subsiding, Ms. Lovelock presented herself to Healthcare Partners of Nevada Medical Group on December 5, 2018, where she was prescribed Tylenol for her pain and where she then thereafter had a MRI of the joint upper extremity with Desert Radiologists on January 4, 2019. Ms. Lovelock was then referred to Advanced Orthopedics and Sports Medicine due to the fact that she might have a partial right shoulder tear, where she began treatment on January 18, 2019 with Dr. Timothy Trainor.

///

///

///

On January 18, 2019 Dr. Trainor order an x-ray of the cervical spine, x-ray of the right shoulder and a MRI of the right shoulder where Ms. Lovelock was diagnosed with an impingement syndrome of the right shoulder, adhesive capsulitis of the right shoulder, bicipital tendinitis/right shoulder, complete rotator cuff tear or rupture of the right shoulder, bursitis of the right shoulder and a unspecified rotator cuff tear or rupture of the right shoulder. Dr. Trainor recommended a right shoulder arthroscopy with arthroscopic rotator cuff tendon repair, right shoulder Mumford procedure and a right shoulder arthroscopy with arthroscopic lysis and adhesions. This procedure took place at Durango Surgery Center on March 7, 2019. Dr. Trainor then referred her out to ATI Physical Therapy for further recovery and treatment to her right shoulder.

Ms. Lovelock then presented herself to ATI Physical Therapy on April 29, 2019 where she then received treatment 3 times per week for 6 weeks up until November 22, 2019, which included therapeutic exercises and cold pack treatment on her right shoulder.

Even after her extensive physical therapy treatment, Ms. Lovelock still proceeds to have right shoulder pain and has had to reduce her daily physical activity pertaining to daily duties involving the right shoulder.

Nevertheless, exemption from the mandatory arbitration program is justified by the past medical expenses arising from the Plaintiff's one past surgical procedure as specified in the following table:

| Provider | Dates of Service | Costs Incurred |
|---|---|---|
| Henderson Fire Department | 11/29/2018 | $1,084.55 |
| St. Rose Dominican Hospital – Siena Campus | 11/29/2018 | $17,163.00 |
| Vituity NV Koury Partners, PLLC | 11/29/2018 | $1,203.00 |
| Radiology Associates of Nevada | 11/29/2018 | $450.00 |
| Healthcare Partners of Nevada | 12/15/2018 – 02/06/2019 | $1,035.00 |
| Desert Radiologists | 01/04/2019 | $117.00 |
| Advanced Orthopedic and Sports Medicine | 01/18/2019 – 02/04/2019 | $29,070.00 |
| Quest Diagnostics (Labs for surgery) | 02/07/2019 | $2,358.89 |
| Durango Surgery Center | 03/07/2019 | $46,675.00 |
| ATI Physical Therapy | 04/29/2019 – 11/22/2019 | $10,207.49 |
| **TOTAL** | | **$109,363.93** |

Because the Plaintiff has suffered personal injuries in excess of $100,000, the threshold disputed amount of $100,000 has been exceeded and the case may be exempted from arbitration.



THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

I hereby certify pursuant to NAR 3 and 5 and NRCP 11 that this case falls within the exemption as stated above and I am aware of the sanctions which may be imposed against any attorney or party who, without good cause or justification, attempts to remove a case from the arbitration program.

DATED this 10th day of December, 2020.

**THE COTTLE FIRM**

By /s/ Matthew G. Holland, Esq.

ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW G. HOLLAND, ESQ.
Nevada Bar No. 10370
8635 South Eastern Avenue
Las Vegas, Nevada 89123
(702) 722-6111
*Attorneys for Plaintiff*

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

THE COTTLE FIRM
8635 South Eastern Avenue, Las Vegas, Nevada 89123
Phone: (702) 722-6111 | Fax: (702) 834-8555

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure that on the 10th day of December, 2020, I served a true and correct copy of the above and foregoing, **PLAINTIFFS' REQUEST FOR EXEMPTION FROM ARBITRATION** on all those listed parties registered for service as follows:

☒ *Via* ***Electronic Filing Service (N.E.F.R 9)***

Jerry S. Busby, Esq.
Nevada Bar No. 001107
Gregory A. Kramer, Esq.
Nevada Bar No. 010911
COOPER LEVENSON, P.A.
3016 W. Charleston Blvd., #195
Las Vegas, NV 89102
(702) 366-1125
*Attorneys for Defendants*

Stacie Graham
Employee of The Cottle Firm

Electronically Filed
12/29/2020 2:07 PM
Steven D. Grierson
CLERK OF THE COURT

CDRG

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| Margaret Lovelock, Plaintiff(s)<br>vs.<br>Smith's Food & Drug Centers Inc,<br>Defendant(s) | CASE NO: A-20-822882-C<br>DEPT. NO: XXIV |

**COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION**

REQUEST FOR EXEMPTION FILED ON: December 10, 2020

EXEMPTION FILED BY: Plaintiff OPPOSITION: No

**DECISION**

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 29th of December, 2020.

ADR COMMISSIONER



ADR COMMISSIONER
EIGHTH JUDICIAL DISTRICT COURT

**NOTICE**

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties. The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on ____________________, 2020.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on.

/s/ Loretta Walker
ADR COMMISSIONER'S DESIGNEE



ADR COMMISSIONER
EIGHTH JUDICIAL DISTRICT COURT